**A F F I D A V I T**

STATE OF WEST VIRGINIA

COUNTY OF CABELL, to-wit:

I, Georgia Marshall, being first duly sworn, do hereby depose and state as follows:

1. I make this affidavit in support of an application for a search warrant for the collection DNA from TIMOTHY LUCKETT (hereinafter "LUCKETT"), who is further described in Attachment A. I believe there is probable cause that evidence of the offenses of felon in possession of firearms in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8), and possession of firearms in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A) (hereinafter "SUBJECT OFFENSES") will be found if known samples of LUCKETT's DNA are obtained.

2. I have been a Special Agent with the Federal Bureau of Investigation (hereinafter the "FBI") since 2019. I am a graduate of the FBI Training Academy in Quantico, Virginia, where I received training in controlled substance investigations, white-collar crime, cyber-crime, crimes against children, interviewing, interrogation, evidence collection, intelligence analysis, and legal matters, among other topics. I have been an Affiant on multiple federal search warrants and Title III affidavits. I am currently assigned to the Huntington, West Virginia Resident Agency of the Pittsburgh Division. Prior to my current assignment,

I was a Special Agent with the Air Force Office of Special Investigations from 2015 to 2019 where I investigated federal offenses committed by Air Force members and/or offenses committed on Air Force installations. I have experience investigating complex drug trafficking organizations, firearm violations, and child exploitation, as well as other violations of federal law. As a Special Agent, I am an investigative or law enforcement officer of the United States within the meaning of 18 U.S.C. § 2510(7).

3. I have obtained the facts set forth in this Affidavit through my personal participation in the investigation, from oral and written reports of other law enforcement officers, from records, documents and other evidence obtained during this investigation, and from other sources of information as referenced herein. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all my knowledge about this matter.

## PROBABLE CAUSE

4. The FBI is currently conducting a criminal investigation into LUCKETT and others participating in a Drug Trafficking Organization involved in the commission of the SUBJECT OFFENSES and violations of 21 U.S.C. §§ 841(a)(1) and 846. LUCKETT and other individuals, both known and unknown to investigators at this

time, obtain large quantities of methamphetamine and fentanyl from one or more sources, and distribute those drugs in and around the Huntington area within the Southern District of West Virginia.

5. During the investigation, I have learned that LUCKETT was utilizing 325 Rotary Road, Huntington, West Virginia, (hereinafter the "Rotary residence"), to facilitate the distribution of controlled substances.

6. On May 21, 2025, the Honorable United States Magistrate Judge Joseph K. Reeder signed a search warrant for the search of the Rotary residence in 3:25-mj-00037.

7. On May 21, 2025, a search warrant was executed at the Rotary residence. Recovered from the residence was a loaded Ruger .45 caliber pistol with Serial number 66406675, a loaded Sig Sauer Mosquito .22 caliber pistol with Serial number F007730, and a Feather Ind. Inc. .22 caliber rifle with Serial number B3430. All the firearms were recovered under a dresser in one of the bedrooms. Also found in the Rotary residence was approximately 454 grams of field test positive methamphetamine and approximately 52.5 grams of field test positive fentanyl.[1] LUCKETT was the sole

---

[1] This is a total combined weight of the suspected fentanyl, evidence items 13 and 15, 49.5 grams and 3 grams respectively.

3

occupant in the Rotary residence when investigators executed the search warrant. At the time, LUCKETT was arrested on state charges.

8. On May 28, 2025, a Grand Jury in the Southern District of West Virginia returned a four-count indictment against LUCKETT for violations of 21 U.S.C. § 841(a)(1), 18 U.S.C. §§ 922(g)(1) and 924(a)(8), and 924(c)(1)(A).

9. The firearms referenced above will be sent to the FBI Laboratory in Quantico, Virginia. A request will be made to swab the firearms for DNA comparison. Lab protocol dictates that for the lab to perform the comparison they will need an exemplar swab of the suspect.

10. I have access to Federal Convicted Offender Program Buccal Collection Kits. I know that these kits provide sterile applicators that can be used to swab the inside of a suspect's cheek to obtain skin cells that contain the suspect's DNA. The kits provide gloves and containers to obtain and store the suspect's DNA without contamination. Using the kits to obtain a suspect's DNA is minimally invasive, requiring applicators to be rubbed with slight pressure against the inside of a suspect's cheek for less than a minute. The process is not painful or discomforting. I know that the FBI Laboratory can use DNA obtained from these kits to develop a suspect's DNA profile and compare it

4

to a DNA profile potentially obtained from the firearms to determine if they match.

## CONCLUSION

11. I believe that there is probable cause that searching LUCKETT by obtaining buccal swabs from him will lead to additional evidence that he committed the SUBJECT OFFENSES. DNA samples obtained from LUCKETT can be compared to any DNA evidence recovered from the swabs of the firearm. Therefore, I request the issuance of a search warrant for obtaining a sample of LUCKETT's DNA through buccal swabbing.

12. Further your Affiant sayeth naught.

_____
GEORGIA MARSHALL, SPECIAL AGENT
Federal Bureau of Investigation


SUBSCRIBED AND SWORN before me by telephonic means, this 3rd day of June 2025.

_____
HONORABLE JOSEPH K. REEDER
United States Magistrate Judge

5